GUOFENG LI, ESQ. (CA343936)
VIP LAW GROUP PC
Email: LAWYERLI.CHRIS@GMAIL.COM
855 CONKLIN STREET STE S
FARMINGDALE, NY 11735
Telephone No.: (516) 808-6266
Attorney for Plaintiff ZHAO WAN

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

**ZHAO WAN,**

*Petitioner-Plaintiff,*

*v.*

**MARKWAYNE MULLIN**, Secretary of the U.S. Department of Homeland Security, in their official capacity;

**TODD BLANCHE**, Attorney General of the United States, in their official capacity;

**DAVID VENTURELLA**, Acting Director of U.S. Immigration and Customs Enforcement, in their official capacity;

**THOMAS GILES**, Los Angeles ICE Field Office Director, in their official capacity;

**FERETI SEMAIA**, Warden of Adelanto ICE Processing Center, in their official capacity.

*Respondents-Defendants.*

Case No. ________________________

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; 8 U.S.C. §§ 1225, 1226; APA 5 U.S.C. § 706; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Petitioner ZHAO WAN is a 38-year-old citizen of the People's Republic of China who was inspected and lawfully admitted to the United States on a B-2 visa on March 9, 2026, through the port of entry at Los Angeles, California, together with her husband and their seven-year-old daughter. On August 25, 2026, while still within her authorized period of admission and less than six months after her arrival, she filed an application for asylum and withholding of removal with U.S. Citizenship and Immigration Services ("USCIS"), based on her well-founded fear of persecution and torture in China on account of her religion as a Jehovah's Witness, a faith that is banned and unregistered in China and whose adherents have been prosecuted and imprisoned. Her husband, Xuefeng Shao, and her minor daughter, A.S., are derivatives on her application. USCIS accepted the application, collected the filing fee, and scheduled Petitioner and her family for biometrics appointments. Petitioner is a university-educated accountant and finance professional who resides with her family in Walnut, California. She has no criminal history of any kind, anywhere in the world.

2. On September 14, 2026, Petitioner did exactly what the United States government instructed her to do: she appeared at the USCIS Application Support Center ("ASC") in City of Industry, California, for the biometrics appointment USCIS had scheduled for 1:00 p.m. that day in connection with her pending asylum application. Officers of U.S. Immigration and Customs Enforcement ("ICE") arrested her there. Her husband and daughter were not arrested. According to ICE's Online Detainee Locator System, Petitioner is in ICE custody under the authority of the Adelanto, California Sub-Office of Enforcement and Removal Operations, and on information and belief she is confined at the Adelanto ICE Processing Center. She has never received a bond hearing or any individualized determination of whether her detention serves any legitimate purpose.

3. Because Petitioner was admitted, her detention is governed by 8 U.S.C. § 1226(a), the discretionary detention statute under which a noncitizen may be detained or may be released on bond or conditional parole, and under which she is entitled to request a custody redetermination before an Immigration Judge. 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d). She is not an "applicant for admission" under 8 U.S.C. § 1225(a)(1), is not "seeking admission" under § 1225(b)(2)(A), and is not subject to any mandatory detention provision. Even the Executive Branch's own position and the decisions most favorable to it concede that § 1226(a) governs "admitted aliens who overstay their visas." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

4. Nevertheless, Respondents have detained Petitioner without any custody review, and have treated her as though she were subject to mandatory detention. That detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. It also punishes Petitioner for complying with a government-mandated appointment that USCIS warned her she could not miss without jeopardizing her asylum application. Petitioner asks this Court to issue the writ and order her release under reasonable conditions or, in the alternative, to order Respondents to provide a constitutionally adequate, individualized bond hearing within seven days.

## JURISDICTION

5. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and the federal habeas statute, 28 U.S.C. § 2241. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1651 (All Writs Act), and Article I, § 9, cl. 2 of the Constitution (Suspension Clause). The Court may grant declaratory relief under 28 U.S.C. §§ 2201–2202.

6. Petitioner is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3) because she is physically detained by Respondents. Federal district courts retain jurisdiction over habeas petitions challenging the statutory and constitutional basis for immigration detention. *Jennings v. Rodriguez*, 583 U.S. 281, 292–96 (2018); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Petitioner does not challenge any removal order (none exists), nor the commencement or adjudication of any removal proceedings. *See* 8 U.S.C. § 1252(b)(9), (g); *Jennings*, 583 U.S. at 294–95.

7. Section 1226(e) of Title 8 does not bar this action. It precludes review only of discretionary custody judgments; it does not bar challenges to "the extent of the Government's detention authority under the 'statutory framework' as a whole," nor constitutional challenges to the procedures by which detention is imposed. *Jennings*, 583 U.S. at 295–96; *Demore*, 538 U.S. at 516–17.

**VENUE**

8. Venue is proper in the Central District of California because Petitioner is confined under the authority of the ICE Enforcement and Removal Operations Adelanto Sub-Office and, on information and belief, at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301, within San Bernardino County, and her immediate custodian is located in this District. *Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004). Venue is also proper under 28 U.S.C. § 1391(e)(1) because Respondents are officers of the United States sued in their official capacities and a substantial part of the events giving rise to this action, including Petitioner's arrest at the USCIS El Monte Application Support Center in City of Industry, California, and her continued

detention, occurred in this District. Assignment to the Eastern Division is appropriate under General Order 24-09 because Petitioner is detained in San Bernardino County.

## PARTIES

9. Petitioner ZHAO WAN is a native and citizen of the People's Republic of China (A-Number 237-021-537). She is detained under the authority of Respondents.

10. Respondent MARKWAYNE MULLIN is the Secretary of the U.S. Department of Homeland Security ("DHS") and is sued in his official capacity. He is charged with administration and enforcement of the immigration laws, 8 U.S.C. § 1103(a), oversees ICE, and is a legal custodian of Petitioner. His address is U.S. Department of Homeland Security, Washington, D.C. 20528.

11. Respondent TODD BLANCHE is the Attorney General of the United States and is sued in his official capacity. He oversees the Executive Office for Immigration Review, which conducts removal and custody-redetermination proceedings, 8 U.S.C. § 1103(g), and is a legal custodian of Petitioner. His address is U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

12. Respondent DAVID VENTURELLA is the Acting Director of ICE and is sued in his official capacity. He is responsible for the detention and custody of noncitizens in removal proceedings and is a legal custodian of Petitioner. His address is 500 12th Street, S.W., Washington, D.C. 20536.

13. Respondent THOMAS GILES is the Field Office Director of the ICE Enforcement and Removal Operations Los Angeles Field Office, which has jurisdiction over the Adelanto Sub-Office and the Adelanto ICE Processing Center, and is sued in his official capacity. He has direct

authority over Petitioner's detention and release and is a legal custodian of Petitioner. His address is 300 North Los Angeles Street, Room 7631, Los Angeles, California 90012.

14. Respondent FERETI SEMAIA is the Warden of the Adelanto ICE Processing Center, the facility in which, on information and belief, Petitioner is physically confined, and is sued in his official capacity. He is Petitioner's immediate custodian. His address is 10400 Rancho Road, Adelanto, California 92301.

15. Each Respondent is sued in an official capacity only. Pursuant to Fed. R. Civ. P. 25(d), any successor to a named Respondent is automatically substituted as a party.

## STATEMENT OF FACTS

### A. Petitioner's Lawful Admission, Timely Asylum Application, and Life in California

16. Petitioner was born in Changde, Hunan Province, China, in 1988. She holds a degree from Beihai College of Beihang University (2006–2010) and most recently studied at Macao Polytechnic University (2023–2025). Over the past six years she worked in Zhuhai, Guangdong Province, as a budget management specialist for a municipal finance bureau, as a finance supervisor, and as an accountant. **Exhibit A**.

17. Petitioner married Xuefeng Shao on June 30, 2017, in Zhuhai, China. Their daughter, A.S., was born in 2018 and is seven years old. **Exhibit A**.

18. Petitioner was inspected and admitted to the United States on March 9, 2026, at the port of entry at Los Angeles, California, as a B-2 nonimmigrant visitor, and was issued Form I-94 No. 971741899A4 with an admit-until date of September 8, 2026. Her husband and daughter were admitted with her on the same date in the same status. Petitioner had previously been admitted to

the United States as a B-2 visitor in February 2015 and departed in compliance with the terms of that admission. **Exhibit A**.

19. On August 25, 2026, while still within her authorized period of admission and less than six months after her arrival, Petitioner filed Form I-589, Application for Asylum and for Withholding of Removal, with USCIS. She paid the $100 filing fee, and USCIS issued a receipt notice (Receipt No. MGL2691666102) confirming that her complete application was received and pending as of August 25, 2026. **Exhibits A, B**. Her husband (A-Number 237-021-538) and daughter (A-Number 237-021-536) are included as derivatives. **Exhibit B**. The application seeks asylum, withholding of removal, and protection under the Convention Against Torture on the basis of religion. **Exhibit A**.

20. As detailed in her application and supporting statements, Petitioner is a Jehovah's Witness. Jehovah's Witnesses have never been legally registered in China; civil-affairs authorities in multiple provinces have publicly declared the faith an "illegal social organization" and banned it; and, as recently as 2024, eighteen Jehovah's Witnesses in Xinjiang were criminally sentenced for "organizing or using a cult organization to undermine law enforcement" for adhering to the faith's tenets of religious and political neutrality. Petitioner fears that if she is returned to China she will be monitored, investigated, detained, prosecuted, and tortured on account of her faith. **Exhibit A**. Her application is supported by more than twenty exhibits, including photographs of religious meetings, the U.S. Department of State's country conditions and international religious freedom reports on China, and contemporaneous news reports of the arrest and prosecution of Jehovah's Witnesses in China. **Exhibit A**. No asylum officer or immigration judge has ever found her claim frivolous or her testimony not credible.

21. On August 28, 2026, USCIS issued ASC Appointment Notices directing Petitioner and each member of her family to appear for biometrics collection at the USCIS El Monte Application Support Center, 17843 Colima Road, City of Industry, California 91748: her daughter at 12:00 p.m. on September 14, 2026; Petitioner at 1:00 p.m. on September 14, 2026; and her husband at 11:00 a.m. on September 17, 2026. **Exhibit C**. The notices warned that failure to appear "will result in an applicant-caused delay," may lead USCIS to "dismiss your asylum application," and may result in referral to an immigration judge. **Exhibit C**.

22. Petitioner resides with her husband and daughter at 1090 Heaton Moor Drive, Walnut, California 91789, in Los Angeles County, the address on file with USCIS for her pending application. **Exhibits A, B, C**.

23. Petitioner has never been arrested for, charged with, or convicted of any offense anywhere in the world, and has never been accused, detained, or interrogated by authorities in any country. **Exhibit A**. She has never been ordered removed, has never missed an immigration appointment, and had never before been in immigration custody.

### B. Petitioner's Arrest at Her USCIS Biometrics Appointment and Her Detention

24. On September 14, 2026, Petitioner appeared, as instructed by USCIS, at the USCIS El Monte Application Support Center in City of Industry, California, for her scheduled 1:00 p.m. biometrics appointment. ICE officers arrested her there. She was not arrested at or near a border or port of entry in connection with an attempt to enter the United States. She was arrested in the interior of the United States, more than six months after her lawful admission, while complying with a government-mandated step in the adjudication of the asylum application she had filed while in lawful status.

25. Petitioner's husband and seven-year-old daughter, who were at or near the same facility that day for the daughter's noon appointment, were not arrested. Her husband's own biometrics appointment remains scheduled for September 17, 2026. **Exhibit C**.

26. ICE's Online Detainee Locator System confirms that Petitioner is in ICE custody and lists the ERO office responsible for her case as the "Adelanto, CA Sub-Office ERO," but states only "Call ICE For Details" as to her current facility. **Exhibit D**. On information and belief, Petitioner is confined at the Adelanto ICE Processing Center. Counsel's efforts to confirm her precise location and to obtain a copy of any charging document are ongoing.

27. On information and belief, DHS has issued or intends to issue a Notice to Appear charging Petitioner with removability under 8 U.S.C. § 1227(a)(1)(B) as a nonimmigrant who remained longer than permitted, her authorized period of admission having expired on September 8, 2026, six days before her arrest, while her timely filed asylum application remained pending with USCIS. No removal order exists. Petitioner remains statutorily entitled to apply for and pursue asylum "irrespective of [her] status." 8 U.S.C. § 1158(a)(1).

28. ICE has not served Petitioner with a Form I-286 Notice of Custody Determination offering release on bond or recognizance, and has treated Petitioner as ineligible for bond and subject to detention for the duration of any removal proceedings.

29. At no time since September 14, 2026 has any neutral adjudicator considered whether Petitioner presents a danger to the community or a risk of flight, whether any such risk could be mitigated by conditions of release, or whether her continued detention serves any legitimate governmental purpose.

30. Petitioner's detention has caused serious harm to her and her family. She was taken into custody without warning, in the course of a government appointment, and separated from her

husband and her young daughter, who now must contend with the loss of her mother while her father proceeds with his own required appointment days later. Her detention also threatens to derail the orderly adjudication of the family's asylum application: a principal applicant's detention affects the location and manner of her asylum interview, her ability to gather and present evidence, and her access to counsel, and it separates her from the derivative family members whose claims depend on hers.

31. If released, Petitioner will live with her husband and daughter at the family home in Walnut, California. Her family will ensure that she is transported to every hearing, USCIS appointment, and ICE check-in, and that she complies with any condition of release the Court or ICE imposes, including electronic monitoring. Petitioner's conduct to date, including filing for asylum within her authorized stay and appearing for her biometrics appointment on the day and at the hour USCIS specified, demonstrates that she will comply.

## LEGAL FRAMEWORK

### A. The INA's Two Pre-Removal Detention Regimes

32. The INA establishes two distinct regimes for detention before entry of a removal order. Section 1225(b) governs "applicants for admission"—noncitizens "present in the United States who ha[ve] not been admitted" or who "arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Within that group, § 1225(b)(2)(A) requires detention of an applicant "seeking admission" whom an examining officer determines "is not clearly and beyond a doubt entitled to be admitted." Section 1226, by contrast, governs noncitizens who are already in the United States and who are charged as removable. Under § 1226(a), the Secretary "may" arrest and detain such a noncitizen

"pending a decision on whether the alien is to be removed," and "may" release her on bond or conditional parole. 8 U.S.C. § 1226(a)(1)–(2). *Jennings*, 583 U.S. at 288–90, 303.

33. A noncitizen detained under § 1226(a) may seek a custody redetermination from an Immigration Judge at any time before a final order of removal. 8 C.F.R. §§ 236.1(d)(1), 1003.19(a), 1236.1(d)(1). At such a hearing the Immigration Judge considers whether the noncitizen is a danger to persons or property or a flight risk. *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). Only noncitizens described in § 1226(c)—those with qualifying criminal or terrorism-related grounds—are excluded from that process. Petitioner is not described in § 1226(c).

**B. An Admitted Noncitizen Is Detained, If at All, Under § 1226(a)**

34. "Admission" means "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). A noncitizen who was admitted and later overstays is charged as deportable under § 1227(a)(1)(B), not as inadmissible under § 1182. She is not an "applicant for admission" under § 1225(a)(1), because she has been admitted, and she is not "seeking admission" under § 1225(b)(2)(A), because she already received it. By the statute's plain terms, § 1225(b) does not reach her, and § 1226(a) does.

35. This is not a contested proposition. In July 2025, ICE adopted interim guidance, later endorsed by the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), asserting that noncitizens who entered without inspection are "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). That guidance and that decision are by their own terms limited to persons "present in the United States without admission." *Id.* at 216. The guidance itself recognizes that noncitizens who were admitted and are charged as deportable under § 1227 remain eligible for bond under § 1226(a). And the only court of appeals decision to have fully accepted the government's reading of § 1225(b)(2)(A) rested on precisely

that distinction: "Section 1226(a) undeniably does work independent from § 1225(b)(2)(A) because only § 1226(a) applies to admitted aliens who overstay their visas." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Second, Sixth, and Eleventh Circuits have rejected the government's reading even as to persons who entered without inspection. *Barbosa da Cunha v. Freden*, No. 25-____ (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, No. 26-____ (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden*, No. 25-14065 (11th Cir. May 6, 2026). No court has held that a noncitizen who was inspected and admitted on a visa is subject to § 1225(b)(2)(A).

36. Whatever deference the BIA's interpretation of § 1225(b)(2)(A) might once have commanded, none is due now. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412–13 (2024). This Court must "exercise [its] independent judgment in deciding whether an agency has acted within its statutory authority." *Id.* at 412. On the text, Petitioner's detention is authorized, if at all, only by § 1226(a), with the custody-review process that section and its regulations provide.

**C. The Due Process Clause Independently Requires an Individualized Custody Determination**

37. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. The Clause applies to "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693. Its protections are at their strongest for a noncitizen who, like Petitioner, was lawfully admitted and has developed substantial ties to this country. *Landon v. Plasencia*, 459 U.S. 21, 32–34 (1982); *Mathews v. Diaz*, 426 U.S. 67, 77–80 (1976).

38. Civil detention is constitutionally permissible only when it bears a "reasonable relation" to a legitimate, non-punitive governmental purpose—in the immigration context,

preventing flight and protecting the community—and only when accompanied by "adequate procedural protections." *Zadvydas*, 533 U.S. at 690–91; *Foucha v. Louisiana*, 504 U.S. 71, 80–81 (1992); *Demore*, 538 U.S. at 527–28. The minimum requirement is an individualized determination, by a neutral decisionmaker, of whether those purposes are actually served by detaining the particular person. *Foucha*, 504 U.S. at 81–83; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

39. Section 2241 contains no statutory exhaustion requirement; exhaustion in immigration habeas cases is prudential and is excused where pursuit of administrative remedies would be futile, where the administrative body lacks authority to grant the relief sought, or where irreparable injury would result from delay. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007); *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004).

40. Each ground applies. Respondents' position is that Petitioner is ineligible for any bond hearing, and Immigration Judges are bound by agency precedent on the question of their own jurisdiction. Neither the Immigration Court nor the BIA may declare the agency's detention policy unlawful, adjudicate Petitioner's constitutional claims, or order her release on constitutional grounds. And every additional day of administrative process is a day of unlawful confinement separated from her husband and young daughter. To the extent Petitioner has not already sought a custody redetermination from the Immigration Court, exhaustion should be excused; to the extent she has and been refused, no further administrative remedy exists.

**CLAIMS FOR RELIEF**

## COUNT ONE

**Detention in Violation of the Immigration and Nationality Act**
**(8 U.S.C. § 1226(a); 28 U.S.C. § 2241)**

41. Petitioner realleges and incorporates the preceding paragraphs.

42. Petitioner was inspected and admitted to the United States. She is not an applicant for admission under 8 U.S.C. § 1225(a)(1), is not seeking admission under § 1225(b)(2)(A), is not an arriving alien, and is not described in § 1226(c). Her detention pending a decision on removability is governed exclusively by § 1226(a).

43. Section 1226(a) and its implementing regulations entitle Petitioner to an individualized custody determination and to request a custody redetermination before an Immigration Judge. 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d).

44. Respondents have detained Petitioner as though she were subject to mandatory detention, have denied her the custody-review process that § 1226(a) provides, and have thereby detained her without statutory authority. Her detention is "in violation of the . . . laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

## COUNT TWO

**Procedural Due Process — Detention Without an Individualized Custody Hearing**
**(Fifth Amendment; 28 U.S.C. § 2241)**

45. Petitioner realleges and incorporates the preceding paragraphs.

46. Petitioner has a fundamental liberty interest in freedom from physical confinement. The government's interest in detaining a lawfully admitted asylum applicant with no criminal history, a spouse and seven-year-old daughter in the United States, a stable home, a professional background in accounting and finance, and a perfect record of compliance with the immigration

system—who filed her asylum application while in lawful status and was arrested while appearing for the very biometrics appointment USCIS ordered her to attend—is minimal. The risk of erroneous deprivation under a regime that provides no hearing at all is total. Under *Mathews v. Eldridge*, 424 U.S. at 335, due process requires, at a minimum, a prompt hearing before a neutral adjudicator at which the need for Petitioner's detention is actually examined.

47. Due process further requires that, at that hearing, the government bear the burden of justifying continued civil detention by clear and convincing evidence, and that the adjudicator consider alternatives to detention and Petitioner's ability to pay any bond. *Addington v. Texas*, 441 U.S. 418, 425–27 (1979); *Foucha*, 504 U.S. at 81–83; *Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011); *Hernandez*, 872 F.3d at 990–94. Petitioner acknowledges that *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), held that due process did not require a clear-and-convincing burden at a second bond hearing for a petitioner with a criminal history who had already received one hearing at which he bore the burden. *Rodriguez Diaz* expressly preserved as-applied challenges and directed an individualized inquiry. *Id.* at 1207–08; *see id.*, 84 F.4th 894 (9th Cir. 2023) (Paez, J., statement respecting denial of rehearing en banc). Here, Petitioner has had no hearing of any kind, was lawfully admitted, has no criminal history, and has substantial family ties; as applied to her, the *Mathews* factors require that the government bear the burden.

48. Respondents' detention of Petitioner without any individualized custody hearing, and without the procedural safeguards the Constitution requires at such a hearing, violates the Due Process Clause of the Fifth Amendment.

## COUNT THREE

**Substantive Due Process — Detention Not Reasonably Related to Any Legitimate Purpose (Fifth Amendment; 28 U.S.C. § 2241)**

49. Petitioner realleges and incorporates the preceding paragraphs.

50. Civil immigration detention is permissible only insofar as it serves the government's legitimate interests in securing the noncitizen's appearance and protecting the public. *Zadvydas*, 533 U.S. at 690–91; *Demore*, 538 U.S. at 527–28. Detention that is not reasonably related to those purposes, or that is excessive in relation to them, is punitive and violates substantive due process. *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979); *Jones v. Blanas*, 393 F.3d 918, 932–34 (9th Cir. 2004).

51. Petitioner presents no danger to anyone. She presents no meaningful risk of flight: she has a pending asylum application that she filed within her authorized stay and is actively pursuing, an affirmative and documented record of appearing when and where the government directs, a spouse and a young daughter, a home, and every incentive to remain and see her family's asylum claim through to adjudication. Detaining a person who was arrested at the government's own appointment, on the theory that she might not appear for future appointments, is not reasonable; it is self-refuting. Any residual risk can be fully addressed by conditions of release. Her continued detention bears no reasonable relation to any legitimate governmental purpose and is therefore unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter;

b. Pursuant to 28 U.S.C. § 2243, issue an Order to Show Cause directing Respondents to file a return within three days of service, and set this matter for hearing at the earliest practicable date;

c. Declare that Petitioner is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or any other provision;

d. Declare that Respondents' detention of Petitioner without an individualized custody hearing violates the Immigration and Nationality Act and the Fifth Amendment;

e. Issue a writ of habeas corpus ordering Respondents to release Petitioner forthwith under reasonable conditions of supervision;

f. In the alternative, order Respondents to provide Petitioner, within seven (7) days, an individualized custody hearing before an Immigration Judge at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that no condition of release can mitigate, and at which the Immigration Judge considers alternatives to detention and Petitioner's ability to pay any bond; and order that if no such hearing is provided within seven days, Petitioner be released;

g. Order Respondents to identify forthwith the facility in which Petitioner is confined, and enjoin Respondents from transferring Petitioner outside the Central District of California during the pendency of this action;

h. Award Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority; and

i. Grant such further relief as the Court deems just and proper.

Dated: September 15, 2026

Respectfully submitted,

*/s/ Guofeng Li*
GUOFENG LI, ESQ. (CA SBN 343936)
VIP LAW GROUP PC
Attorney for Petitioner ZHAO WAN

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I am the attorney for Petitioner ZHAO WAN and submit this verification on her behalf pursuant to 28 U.S.C. § 2242 because she is detained in ICE custody and cannot readily sign this petition. I have discussed the facts stated in this Petition with Petitioner's husband, Xuefeng Shao, and have reviewed the documents attached as exhibits. I verify under penalty of perjury under the laws of the United States that the factual statements in this Petition are true and correct to the best of my knowledge, information, and belief.

Executed on September 15, 2026, at Farmingdale, New York.

*/s/ Guofeng Li*
GUOFENG LI, ESQ.

**CERTIFICATION OF COMPLIANCE WITH FED. R. CIV. P. 5.2**

Counsel certifies that this Petition and the accompanying exhibits have been redacted in accordance with Fed. R. Civ. P. 5.2(a) and Local Rule 5.2-1. The minor child is identified by initials only; dates of birth are identified by year only; and Social Security numbers and financial account numbers have been omitted. Unredacted copies are maintained by counsel and will be lodged under seal upon request of the Court.

## INDEX OF EXHIBITS

| | |
|---|---|
| Exhibit A | Form I-589, Application for Asylum and for Withholding of Removal, of Zhao Wan (filed Aug. 25, 2026), with list of supporting evidence |
| Exhibit B | USCIS Form I-797C Receipt Notice, Receipt No. MGL2691666102 (Aug. 25, 2026), listing Petitioner and derivative applicants |
| Exhibit C | USCIS ASC Appointment Notice for biometrics collection at USCIS El Monte ASC (Aug. 28, 2026), with family appointment schedule |
| Exhibit D | ICE Online Detainee Locator System Record for Zhao Wan, A-Number 237-021-537 (Sept. 14, 2026) |