UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-5352-RAO    Date: September 25, 2026
Title: Zhao Wan v. Markwayne Mullin, et al.,

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

On September 15, 2026, Petitioner Zhao Wan ("Petitioner"), a non-citizen represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1 ("Pet."). Petitioner claims that her current detention at Adelanto Processing Center in Adelanto, California violates 8 U.S.C. § 1226(a), the Fifth Amendment right against detention without an individualized custody hearing, and the Fifth Amendment due process right not to be detained with no legitimate purpose. Pet. at 13-16. The Petition seeks relief in the form of immediate release or, alternatively, an order directing Respondents to provide her with an individualized custody hearing before an immigration judge within seven days. *Id*. at 16-17.

## II. PERTINENT BACKGROUND[1]

Petitioner, a citizen of China, lawfully entered the United States on a B-2 visa on March 9, 2026, together with her husband and minor child. On August 25, 2026, she applied for asylum and withholding of removal based on her fear of religious persecution in China. She has no criminal history.

[1] The Court recites the factual and procedural background set forth in the Petition. *See generally* Pet.

On September 14, 2026, Petitioner appeared for a scheduled biometrics appointment at U.S. Citizenship and Immigration Services and was arrested by immigration authorities. She is currently detained at Adelanto ICE Processing Center. She has not received a bond hearing or any individualized determination regarding whether her detention serves a legitimate purpose.

Respondents filed an Answer to the Petition on September 22, 2026. Dkt. No. 7. The Answer states that Petitioner is a visa overstay who is detained under 8 U.S.C. § 1226(a). Respondents ask the Court to deny the Petition to permit Petitioner to seek a bond hearing.

Petitioner's Reply, filed on September 25, 2026, points to Respondents' concession that she is detained under Section 1226(a). Dkt. No. 8. Petitioner contends the Court to reject Respondents' argument that the Petition should be dismissed because she has not asked for a bond hearing. Petitioner asks that the Petition be granted and she be released immediately. Alternatively, Petitioner requests a prompt bond hearing.

## III. DISCUSSION

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3).

As a visa overstay, Petitioner's detention is governed by 8 U.S.C. § 1226(a), which permits the government to detain noncitizens pending a decision on whether to remove them from the United States. *See Carias Valenzuela v. Warden*, 2025 WL 901337, at *3 (E.D. Cal. Apr. 2, 2026) (Section 1226(a) as the "default detention provision" applies to detention on the basis of visa overstay). Detention under Section 1226(a) is discretionary and "provides for release on bond or conditional parole." *Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023). Accordingly, Petitioner is entitled to a bond hearing under Section 1226(a) before an immigration judge. As noted above, Respondents do not dispute Petitioner's entitlement to a bond hearing.

In addition to the Section 1226(a) claim, the Petition also raises due process claims and seeks immediate release on the basis of violations of Petitioner's constitutional rights.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-5352-RAO | Date: | September 25, 2026 |
| Title: | Zhao Wan v. Markwayne Mullin, et al., | | |

*Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted). Due process protections extend to noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation. *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id*. at 690. The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The Court analyzes each step in turn.

Here, Petitioner has a private interest in remaining free and out of custody. While her interest may not be as strong as noncitizens who have been released from ICE custody on supervision conditions and subsequently built a life in this country, nevertheless, Petitioner does have some liberty interest that requires the government provide her "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest. *See Mathews*, 424 U.S. at 335. This requires balancing the three factors the Supreme Court set forth in *Mathews*. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-5352-RAO Date: September 25, 2026
Title: Zhao Wan v. Markwayne Mullin, et al.,

With respect to the first factor, Petitioner's private liberty interest is limited. She has been in this country for approximately six months and there has been no determination regarding whether Petitioner should be out of custody or detained.

With respect to the second factor, because no determination has been made whether Petitioner's release would pose a danger to the community or a flight risk, providing her with a post-detention hearing (rather than pre-detention hearing or immediate release), would pose only a low risk of erroneous deprivation of liberty. *See Herrera Rivas v. Semaia*, 2026 WL 2807051, at *3 (C.D. Cal. Sept. 18, 2026).

With respect to the third factor, the government has a strong interest in preventing noncitizens from remaining in the country in violation of the immigration laws. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022). "[W]here Petitioner had not previously been subject to removal proceedings and been assessed for flight risk or danger, the government's interest in detaining [her] at least initially was significant." *Herrera Rivas*, 2026 WL 2807051, at *3.

On balance, the Court concludes that the *Mathews* factors militate in favor of a finding that Petitioner is entitled to a bond hearing under Section 1226(a), and not immediate release. *See Okoth v. Kaiser*, 2026 WL 45199, at *2 (E.D. Cal. Jan. 7, 2026) (rejecting petitioner's claim that he was entitled to pre-detention hearing where he had not been previously detained and released on bond); *Herrera Rivas*, at 4 (same).

IV. CONCLUSION

Thus, the Court grants in part and denies in part the Petition. The Court grants the Petition in part and enjoins Respondents from continuing to detain Petitioner unless she is provided with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and all applicable regulations, and otherwise denies the Petition.

Respondents are ordered to file a status report substantiating compliance with this order with 10 days of the Court's order.

**IT IS SO ORDERED.**